# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INMATE # D56503 | CASE NUMBER |
|---|---|
| DARYL HARMON, | 2:17-cv-8287-TJH(E) |
| PLAINTIFF(S) | |
| v. | |
| MARK D. GREENBERG, IN HIS OFFICIAL CAPACITY AS APPOINTED APPELLANT COUNSEL, | **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____    _____
Date                            United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☑ District Court lacks jurisdiction.
- ☑ Other  See Attachment.

Comments: See Attachment.

- ☑ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☑ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

11/15/17          [signature]
Date              United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED,** and this case is hereby DISMISSED immediately.
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

**NOVEMBER 22, 2017**            [signature] Terry J. Hatter, Jr.
Date                              United States District Judge

CV-73P (08/16)    ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

**ATTACHMENT**

**CV 17-8287-TJH(E)**

Plaintiff, a state prisoner, seeks to bring this action under 42 U.S.C. section 1983. The sole named Defendant is alleged to have been the attorney appointed to represent Plaintiff in Plaintiff's unsuccessful state criminal appeal. Plaintiff alleges that, but for asserted negligence by Dfendant, the appeal of Plaintiff's conviction would have been successful. Plaintiff seeks monetary damages.

This action fails as a matter of law for at least three fundamental reasons. First, a plaintiff suing pursuant to section 1983 must allege facts demonstrating that the defendant acted under color of law when doing the challenged acts. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). A court appointed attorney does not act under color of law when representing a criminal defendant. Polk County v. Dodson, 454 U.S. 312 (1981).

1

Second, because the action implicates the continuing validity of Plaintiff's extant criminal conviction, the action is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (claim for harm caused by actions whose unlawfulness would render a conviction or sentence invalid barred unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to makes such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Third, Plaintiff bases this action on Defendant's asserted negligence. Mere negligence cannot justify liability in an action under section 1983. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Blaylock v. Schwinden, 862 F.2d 1352, 1354-55 (9th Cir. 1988).

Because of the fundamental deficiencies in the action Plaintiff seeks to bring, amendment of the complaint would be futile.